758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN PETER WASHE, PLAINTIFF-APPELLANT,
v.
UNITED STATES NAVY FAMILY ALLOWANCE ACTIVITY, NORFOLK
GENERAL DISTRICT COURT, JOHN MICHAEL WASHE, AND
VICTORIA M. WASHE, DEFENDANTS-APPELLEES.
 NO. 84-1125
 United States Court of Appeals, Sixth Circuit.
 2/4/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: LIVELY, Chief Circuit Judge; ENGEL and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Washe appeals the district court's dismissal of his complaint challenging the validity of 42 U.S.C. Sec. 659.
 
 
 2
 Washe's complaint in the district court alleged that section 659 violated the ex post facto clause of the constitution and in general that the actions of the defendants were 'prejudicial to plaintiff's property rights.' Defendants moved to dismiss, and the court granted the motion. On appeal, Washe appears to argue that the federal government may not comply with state writs of attachment unless a copy of the underlying state court judgment accompanies the writ. Compliance with a writ unaccompanied by a copy of the judgment is said to violate due process.
 
 
 3
 Federal regulations provide that a copy of the underlying judgment is required only '[w]here it does not appear from the face of the process that it has been brought to enforce [alimony or child support] obligations . . ..' 5 C.F.R. Sec. 581.202(c). Washe's contentions on appeal may fairly be read as challenging the federal regulation on due process grounds. It is clear, however, that no due process claim was made before the district court.
 
 
 4
 To be sure, pro se allegations must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972) (per curiam). Nevertheless, an examination of Washe's complaint discloses absolutely on claim against any defendant based upon a violation of due process. Washe contends that on January 30, 1984, he mailed to the district court an affidavit in opposition to the motion to dismiss. Washe included in the papers he filed in this court a copy of the document he claims to have sent to the district court. He also included in those papers an 'affidavit of mailing' which states that he mailed the document on January 30, 1984. The affidavit in opposition to the motion to dismiss may fairly be read as raising a claim based on due process. That document, however, is not properly in the record before us. It does not appear that the document was filed in the district court; it was not signed by Washe; and it was not signed by a notary public. The docket sheet from the district court indicates that on January 16, 1984, Washe filed an affidavit in opposition to the motion to dismiss, but the docket sheet shows no affidavit filed on or after January 30, 1984.
 
 
 5
 Even if the January 30 affidavit were properly in the record before this court, the affidavit was not properly presented to the district court. When materials outside the pleadings are presented to the court in opposition to a motion to dismiss, the motion to dismiss is properly treated as a motion for summary judgment. Fed. R. Civ. P. 12(c). Affidavits in opposition to a motion for summary judgment must be served prior to the day of the hearing. Fed. R. Civ. P. 56(c). Judge Harvey's memorandum opinion and order was filed on January 30, 1984, so Washe's January 30 affidavit obviously was not served within the time prescribed by Rule 56(c). Even if we construe Washe's affidavit as a motion to amend the pleadings, the amendment would have been improper because Washe neither asked for nor received leave of court or written consent of the adverse parties as required by Federal Rule of Civil Procedure 15(a).
 
 
 6
 Washe's claim of a due process violation was not presented to the district court 'with sufficient clarity to preserve the issue for appeal.' Bakers Union Factory, #326 v. ITT Continental Banking Co., 749 F.2d 350 (6th Cir. 1984).
 
 
 7
 The judgment of the district court is affirmed.
 
 
 8
 Appellants Norfolk General District Court and Victoria M. Washe and John M. Washe requested costs for this appeal. That request is granted.